IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **GREGORY ANDREW GRAY,** | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:13-11127** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
|        **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Standing Order entered May 14, 2013 (Document No. 4.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 10 and 15.)

The Plaintiff, Gregory Andrew Gray (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on July 12, 2010 (protective filing date), alleging disability as of August 1, 2008, due to high blood pressure, diabetes, vision problems, hip problems, back problems, bad feet, arthritis in the knees and elbows, and numbness to the middle finger on both hands. (Tr. at 22, 156-57, 158-61, 197, 201.) The claims were denied initially and upon reconsideration. (Tr. at 22, 85-88, 89-91, 100-02, 103-05.) On January 14, 2011, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 106-09.) A hearing was held on December 2, 2011, before the Honorable Rebecca B. Sartor. (Tr. at 41-84.) By decision dated December 16, 2011, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 22-34.) The ALJ's decision became the final decision

of the Commissioner on March 18, 2013, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5.) Claimant filed the present action seeking judicial review of the administrative decision on May 13, 2013, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2011). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2011). The Commissioner must show two things: (1) that the

claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, August 1, 2008. (Tr. at 24, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "degenerative disc disease of the lumbar spine; degenerative joint disease of the left knee; and loss of vision in right eye," which were severe impairments. (Tr. at 24, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 28, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform sedentary level work as follows:

> [T]he [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b). He can only occasionally perform bending, stooping, kneeling, crouching, crawling and balancing but may never climb ladders, ropes or scaffolds. He needs to avoid concentrated exposure to cold and vibration and moderate exposure to heat and hazards. He is limited to routine, repetitive tasks. He has limited depth perception and peripheral vision in his right eye. He has a need to alternate between sitting and standing once every 30 minutes.

(Tr. at 29, Finding No. 5.) At step four, the ALJ found that Claimant could return to his past relevant work as a telemarketer. (Tr. at 33, Finding No. 6.) On this basis, benefits were denied. (Tr. at 33, Finding No. 7.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on March 5, 1967, and was 44 years old at the time of the administrative hearing, December 2, 2011. (Tr. at 49, 156, 158.) The ALJ found that Claimant had at least a high school education and was able to communicate in English. (Tr. at 50, 200, 202.) In the past, he worked as a telemarketer, garbage collector, and fast food worker. (Tr. at 76, 186-94, 202.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence, and discusses it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in failing to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") in violation of SSR 00-4p. (Document No. 10 at 2-4.) Specifically, Claimant first contends that the ALJ failed to ask the VE whether his testimony was

consistent with the DOT. (Id. at 2-3.) Claimant asserts that the VE's testimony is inconsistent with the DOT because the DOT does not allow for a sit/stand option, which the ALJ assessed with a change of position every 30 minutes. (Id. at 4.) Second, Claimant contends that the DOT classifies the telemarketer job as semi-skilled and the VE classified it as unskilled, based on whether or not an insurance certification was required. (Id.) Claimant asserts that the ALJ failed to resolve the conflict between the VE and the DOT in this regard. (Id.) Finally, Claimant asserts that the ALJ failed to assess whether he was able to perform his past relevant work as it was performed in the national economy as opposed to how he actually performed the work. Id.) Claimant also alleges that the VE's testimony regarding the use of a cane is inconsistent with the DOT. (Id. at 4-5.)

In response, the Commissioner asserts that although the ALJ failed to ask explicitly whether the VE's testimony conflicted with the DOT, any error is harmless because the VE adequately explained any apparent conflicts and substantial evidence supports the ALJ's decision that Claimant could perform his past relevant work as a telemarketer. (Document No. 15 at 7-8.) The Commissioner notes that the VE testified that a sit/stand option would not preclude telemarketing jobs even though they are classified as sedentary by the DOT. (Id. at 7.) The VE further testified that the DOT classified telemarketer work as semi-skilled and that the skill rating was inclusive of positions requiring insurance certifications. (Id.) When the insurance certification is not required, as was the case with Claimant's past work, the VE testified that he classified such work as unskilled. (Id.) On cross-examination, the VE testified that if Claimant required a cane, he would not be precluded from performing work as a telemarketer. (Id. at 7-8.) Thus, the Commissioner asserts that the VE adequately explained any conflicts between his testimony and the DOT respecting Claimant's past work as he actually performed it and Claimant's arguments are without merit. (Id. at 8.)

Claimant next alleges that the Commissioner's decision is not supported by substantial

5

evidence because the ALJ erred in assessing his RFC by failing to include a limitation for use of a cane. (Document No. 10 at 4-5.) Claimant asserts that Dr. Rahim noted in his October, 2010, assessment that Claimant utilized a cane and that he would be limited because he needed to walk with a cane for support. (Id. at 4.)

In response, the Commissioner asserts that substantial evidence supports the ALJ's RFC assessment and that alternatively, the VE testified that even if Claimant required a cane, he would not be precluded from performing his past work. (Document No. 15 at 8-9.) The Commissioner notes that the medical evidence does not demonstrate that Claimant ever was prescribed a cane to ambulate. (Id. at 9.) She notes that Claimant's treatment for his alleged back and leg problems, which consisted of degenerative joint disease of the left knee and degenerative disc disease in the lower back, was conservative, at best. (Id.) She notes that the only significant functional limitations were contained in Dr. Rahim's evaluation report and consisted of a normal gait; the ability to squat and heel and toe walk without issue; full range of motion in his extremities and back; and no nerve root impingement. (Id.) The Commissioner further notes that the state agency reviewing physicians opined that Claimant was capable of performing work at an exertional level greater than assessed by the ALJ. (Id.) Thus, the Commissioner contends that the evidence did not support the use of a cane, but in any event, the VE testified the such use would not preclude performance of Claimant's past relevant work. (Id.)

Finally, Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to ask the VE whether the use of a cane in a telemarketing position was consistent with the DOT. (Document No. 10 at 5-6.) Claimant asserts that the DOT requires occasional reaching and frequent feeling, which is inconsistent with the use of a cane. (Id.)

In response, the Commissioner asserts that although the ALJ did not ask specifically if the VE's testimony was consistent with the DOT, as addressed in Claimant's first claim, the VE

6

explained any inconsistency between his testimony and the DOT on the record and the ALJ noted his explanation. (Document No. 15 at 9-10.) Any error that the ALJ may have committed therefore, is harmless. (Id.) The Commissioner notes that Claimant's counsel asked the VE directly if cane usage would preclude telemarketer work and the VE responded that it would not. (Id. at 10.) The VE responded that telemarketers communicate with headsets when on the telephone and thus, allows use of a cane for support. (Id.) The VE specifically testified that he was aware of telemarketers who required the use of a cane. (Id.) Accordingly, the Commissioner contends that any error that the ALJ may have committed is harmless and that Claimant's argument is without merit. (Id.)

Analysis.

1. VE vs. DOT.

Claimant alleges that the VE's testimony was inconsistent with the DOT. (Document No. 10 at 2-4.) To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of a claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

SSR 00-4p, which became effective December 4, 2000, and was in effect at the time of the administrative hearing in 2009, states that before an ALJ can rely on Vocational Expert testimony,

he or she must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the vocational expert and information contained in the DOT and explain in the determination or decision how any conflict that has been identified was resolved. Social Security Ruling 00-4p, 2000 WL 1898704 (December 4, 2000).

Claimant first generally contends that the ALJ erred in failing to ask the VE whether his testimony was consistent with the DOT. (Document No. 10 at 2-3.) Pursuant to Social Security Ruling ("SSR") 00-4p, "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Id. The Ruling requires the ALJ at the administrative hearing to inquire of the VE as to whether or not there is such consistency. Id. In this case, the ALJ failed to inquire of the VE as to whether or not his testimony was consistent with the DOT. The Court finds, however, that the ALJ's failure was harmless because the information provided by the VE explained any apparent conflicts.

Claimant asserts that the VE's testimony is inconsistent with the DOT because the DOT does not allow for a sit/stand option as assessed by the ALJ. (Document No. 10 at 4.) Claimant correctly notes that the DOT did not address the sit-stand option. Nevertheless, the VE identified jobs based on his personal experience, that allowed such an accommodation. (Tr. at 79-80.) The VE's testimony did not conflict with the DOT. Rather, it supplemented the DOT, and therefore, the Court finds that the ALJ's failure to inquire of the VE as to the consistency of his testimony with the DOT is harmless. See e.g., Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007)(holding that no conflict appeared to exist and therefore, the ALJ's failure to ask the VE about the possible conflicts was harmless); Massachi v. Astrue, 486 F.3d 1149, 1154, n 19 (9th Cir. 2007)(finding that the ALJ's failure to follow SSR 00-4 would have been harmless if there had been no conflict between the VE's testimony and the DOT); Wellington v. Astrue, 2013 WL 1944472, *4 (S.D.N.Y. May 9,

2013)(finding harmless any violation of SSR 00-4p as there was no actual conflict between the VE and the DOT regarding the sit-stand option); Thompson v. Astrue, 2010 WL 3878729, *5 (D. S.C. June 16, 2010)(finding no conflict when the DOT did not address the sit-stand option, hence no duty of explanation arose, and the ALJ's failure to inquire was harmless error); Corbett v. Astrue, 2006 WL 5527015, *62 (N.D.W.Va. Mar. 24, 2006)(finding that "the lack of a sit-stand option in the DOT does not conflict with the VE's testimony that certain jobs would be available with a sit-stand option in the national economy.").

Second, Claimant contends that the ALJ failed to resolve the conflict between the VE and the DOT regarding the skill level of the telemarketer as classified by the DOT and as classified by the VE. (Document No. 10 at 4.) The VE testified that the DOT classifies the telemarketer job as semi-skilled and noted that the DOT requires insurance certification for such a job. (Tr. at 76.) The VE further testified, however, that when insurance certification is not required for the job, he classifies the job as unskilled. (Id.) Accordingly, the undersigned finds that the VE explained any apparent conflict between his testimony and the DOT.

Next, Claimant contends that the ALJ failed to determine whether Claimant could perform his past work as a telemarketer as generally performed in the national economy. (Document No. 10 at 4.) Pursuant to 20 C.F.R. §§ 404.1560(b)(2), 416.920(b)(2), an ALJ may utilize a VE to offer relevant evidence or knowledge within his expertise regarding the demands of a claimant's past relevant work, "*either* as the claimant actually performed it *or* as generally performed in the national economy." (Emphasis added). The ALJ explored Claimant's ability to perform his past work as he actually performed it, and therefore, he was not required also to consider whether he was able to perform the work as performed in the national economy.

Finally, Claimant contends that the VE's testimony regarding the use of a cane is inconsistent with the DOT. (Document No. 10 at 4-6.) The VE testified on cross-examination that if Claimant was

9

required to use a cane, then he would not be precluded from performing his past work as a telemarketer. (Tr. at 81-82.) The VE stated that he knew a few telemarketers who used a cane. (Tr. at 82.) Claimant's attorney specifically asked whether Claimant's past work would be impacted if he was required to use a case to balance himself. (Tr. at 81-82.) Again, the VE responded that the telemarketer job could still be performed because such jobs require the use of a headset for a phone, which essentially frees the hands to use a cane. (Tr. at 82.) Accordingly, the VE explained any inconsistency and therefore, there was no conflict. Any error that the ALJ may have committed is harmless.

2. RFC Assessment.

Claimant also alleges that the ALJ erred in failing to assess a limitation for the use of a cane. (Document No. 10 at 4-5.) "RFC represents the most that an individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Pursuant to SSR 96-8p, the RFC assessment "must be based on all of the relevant evidence in the case record," including " the effects of treatment" and the "limitations or restrictions imposed by the mechanics of treatment; e.g., frequency of treatment, duration, disruption to routine, side effects of medication." Looking at all the relevant evidence, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §§ 404.1545(a), 416.945(a) (2011). "This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s)." Id. "In determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

Opinions on a claimant's Residual Functional Capacity are issues that are reserved to the

Commissioner. The Regulations state that:

> We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter, your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

See 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (2011).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted).

The Regulations state that opinions on these issues are not medical opinions as described in the Regulation dealing with opinion evidence (20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2)); rather, they are opinions on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e) and 416.927(e). For that reason, the Regulations make clear that "[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." Id. §§ 404.1527(e)(3) and 416.927(e)(3). The Regulations further provide that "[f]or cases at the Administrative Law Judge hearing or Appeals Council level, the responsibility for deciding your residual functional capacity rests with the Administrative Law Judge or Appeals Council." See 20 C.F.R. §§ 404.1545 and 416.946 (2011). However, the adjudicator must still apply the applicable factors in 20 C.F.R. § 416.927(d) when evaluating the opinions of medical sources on issues reserved to the Commissioner. See Social Securing Ruling ("SSR") 96-5p, 61 FR 34471, 34473 (1996).

Social Security Ruling 96-5p makes a distinction between an RFC assessment, which is "the adjudicator's ultimate finding of 'what you can still do despite your limitations,'" and a "'medical

11

source statement,' which is a 'statement about what you can still do despite your impairment(s)' made by an individual's medical source and based on that source's own medical findings." Id. SSR 96-5p states that "[a] medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s)." Adjudicators "must weigh medical source statements under the rules set out in 20 C.F.R. § 416.927, providing appropriate explanations for accepting or rejecting such opinions." Id. at 34474.

As stated above, the ALJ found that Claimant was capable of performing a range of sedentary exertional level work with a sit/stand option, among other limitations. (Tr. at 29.) Without determining whether the medical evidence supports such a limitation, the undersigned notes that the VE testified that if Claimant was required to use a cane, he would not be precluded from performing his past relevant work. (Tr. at 82.) Accordingly, the undersigned finds that any such error that the ALJ may have committed is harmless.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DENY** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 10.), **GRANT** the Defendant's Motion for Judgment on the Pleadings (Document No. 15.), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and

72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: August 29, 2014.

                                            R. Clarke VanDervort
                                            United States Magistrate Judge